UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SHELDON SHIELDS,

Plaintiff,

v. Case No. 14-2060-JAR

JPMORGAN CHASE BANK, NA,
et al.,

Defendants.

**ORDER**

Defendants JPMorgan Chase Bank, NA ("JP Morgan") and Prudential Insurance Company of America ("Prudential") denied a claim for long-term disability benefits ("LTD") made by the plaintiff, Sheldon Shields. The benefits were claimed by plaintiff under an Employment Retirement Income Security Act ("ERISA") plan provided by JPMorgan as part of plaintiff's employment (the "Plan"). Plaintiff alleges that defendants wrongfully denied his claim and subsequent appeal for LTD under the Plan. Accordingly, plaintiff seeks an award of past monthly benefits from the time he became disabled until he turns sixty-five. This case is before the undersigned U.S. Magistrate Judge, James P. O'Hara, on Prudential's motion to amend its answer **(ECF doc. 22)**. Specifically, Prudential moves to amend its answer to assert a counterclaim for an overpayment of benefits. Plaintiff failed to file a timely response. For the reasons discussed below, Prudential's motion is granted.

D. Kan. Rule 7.4(b) provides "[i]f a responsive brief or memorandum is not filed within the Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice." The instant motion was filed on October 14, 2014. Under D. Kan. Rule 6.1(d), any response was required to be filed within fourteen days, i.e., by October 28, 2014. No response has been filed. The court considers the instant motion unopposed. Although the court could grant Prudential's motion without further discussion, it will briefly address the merits of the motion.

## I. Background

As an employee of JPMorgan, plaintiff participated in a LTD plan which was insured by Prudential and administered by JPMorgan. The Plan provides long-term benefits in compliance with ERISA. Plaintiff became physically disabled from neck pain and went on disability in August of 2012. Defendants approved plaintiff's application for disability benefits from August 17, 2012 through January 31, 2013. On January 28, 2013, defendants claimed plaintiff no longer met the definition of "disabled" under the Plan and stopped the payment of his LTD.

In addition to applying for LTD under the Plan, plaintiff also applied for benefits from the Social Security Administration (the "SSA"). On or around July 22, 2013, the SSA issued a determination that plaintiff was disabled and paid him disability benefits from December of 2012 through the present. Plaintiff admits "[p]ursuant to the terms of the Plan, Plaintiff's Social Security disability benefits act as an offset and reduce his

benefits under the Plan."[1] Therefore, plaintiff seeks an award of past monthly benefits of $1,995 per month from the time he became disabled until he began receiving benefits from the SSA in December of 2012. Because plaintiff received $1,308 from the SSA in January of 2013, he only seeks $687 per month from defendants from the date he started receiving SSA benefits until the date of judgment (i.e., $1,995 - $1,308). Additionally, plaintiff seeks $687 per month from the date of judgment until he turns sixty-five, as long as he remains disabled.

## II. Analysis

In its proposed amended answer, Prudential seeks to add a counterclaim for the overpayment of benefits. Under Fed. R. Civ. P. 15(a)(2), once a responsive pleading has been filed and twenty-one days have passed, "a party may amend its pleading only with the opposing party's written consent. The scheduling order set a deadline of October 14, 2014, for amending the pleadings.[2] Because Prudential filed the instant motion by October 14, 2014, the court will only evaluate the proposed amendment under Rule 15.[3]

---

[1] ECF doc. 11 at 4.

[2] *See* ECF doc. 19.

[3] When the deadline set in the scheduling order for amending pleadings has passed, Fed. R. Civ. P. 16(b)(4) may also be implicated. *See, e.g.*, *Five Rivers Ranch Cattle Feeding, LLC v. KLA Env't Servs., Inc.*, No. 08-2185, 2010 WL 2609426, at *2 (D. Kan. June 25, 2010); *Miller v. Union Pacific R.R.*, No. 06-2399, 2008 WL 4271906, at *2 (D. Kan. Sept. 12, 2008); *Lipari v. U.S. Bancorp, N.A.*, No. 07-2146, 2008 WL 2944909, at *2 (D. Kan. July 28, 2008).

Rule 15 dictates that the court "should freely give leave when justice so requires."[4] Although the granting of a motion to amend is within the court's discretion, the Supreme Court has indicated that Rule 15's directive to freely give leave is a "mandate … to be headed."[5] "A district court should refuse leave to amend 'only [upon] a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[6]

Prudential asserts that it did not learn that plaintiff was receiving SSA benefits individually and on behalf of his minor children until August 13, 2014. Prudential asserts that the Plan expressly provides that the monthly LTD paid to a claimant is reduced by any "deductible sources of income," which includes the SSA payments to plaintiff and his children.[7] Prudential explains that the Plan provides it with a right to recover any overpayment of benefits. Therefore, Prudential seeks leave to amend its answer to assert a counterclaim against plaintiff for the overpayment of benefits.

Prudential argues that its amendment is not the result of undue delay, bad faith, or dilatory tactics because it discovered the overpayment of benefits well after it filed its answer to plaintiff's amended complaint and brought it to the court's attention at the

---

[4] Fed. R. Civ. P. 15(a)(2).

[5] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

[6] *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010) (quoting *Duncan v. Manager, Dep't of Safety, City & Cnty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005)).

[7] ECF doc. 22 at 2.

August 28, 2014 scheduling conference. Prudential asserts that the amendment will not result in prejudice because discovery has not closed and discovery is not needed to determine whether plaintiff has been overpaid. Finally, Prudential insists that its amendment is not futile.

The court agrees with Prudential. Prudential timely filed its motion and did not unduly delay filing it or bringing it to the court's attention after first learning about plaintiff's receipt of SSA benefits. Without the benefit of a response from plaintiff, the court does not see any reason why this amendment would prejudice the parties. Furthermore, the amendment does not appear to be clearly frivolous. Accordingly, consistent with the long-standing policy that leave to amend should be freely given under the discovery rules contained in the Federal Rules of Civil Procedure, the court grants Prudential's motion for leave to file an amended answer **(ECF doc. 22)**. Prudential shall file its amended answer by **October 31, 2014.**

IT IS SO ORDERED.

Dated October 29, 2014 at Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
U. S. Magistrate Judge

O:\ORDERS\14-2060-JAR-22.docx